UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG J. BEUNING, | Civil File No. 06-492 (PAM/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| ANOKA COUNTY SHERIFF, | |
| Respondent. | |

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be summarily denied pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is currently being detained by the Sheriff for Anoka County, Minnesota, pursuant to a "contempt order" entered on January 18, 2006. The contempt order was entered by the state district court for Anoka County, because Petitioner failed to pay temporary child support arrearages in excess of $5000. Petitioner claims that he is presently "without the means to pay the $5000 required to purge the contempt."

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner challenged the contempt order at issue here by filing an application for a writ of habeas corpus in the Minnesota Court of Appeals, but that application was denied on January 31, 2006.  (Petition, [Docket No. 1], p. 2, ¶ 9.)  He filed another application for a writ of habeas corpus in the Minnesota Supreme Court, but that application was denied on February 3, 2006.  (Id.)

Petitioner is now seeking federal habeas corpus review of the contempt order that is causing him to be detained.  He claims that "Minnesota law requires an affirmative finding of ability to pay [child support arrearages] prior to incarceration for contempt," and that in his case, "there is no [such] finding in the [contempt] order, or basis in the record to support such a finding."  (Id., attached "Factual Summary For Petition For Habeas Corpus.")  For the reasons discussed below, the Court finds that Petitioner's claims cannot be entertained in a federal habeas corpus proceeding.

## II.  DISCUSSION

A federal district court may entertain a habeas corpus petition filed by a state detainee "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In other words, federal habeas corpus relief is available only for violations of <u>federally</u> protected rights.  <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per curiam</u>) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

The instant petition makes no reference to the federal Constitution or any federal law, but instead repeatedly refers to Minnesota state law.  Petitioner is clearly claiming that the state district court judge did not comply with alleged <u>state</u> law requirements pertaining to contempt orders.

The United States Supreme Court has repeatedly held, however, that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991).

Again, Petitioner has not identified any constitutional basis for any of his claims in this case. The Constitution is never mentioned, or even alluded to, anywhere in the petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here. Because no federal constitutional dimension can be found in any of Petitioner's claims for relief, his petition cannot be entertained in federal court.[2]

---

[2] Furthermore, even if Petitioner should hereafter mount a belated effort to identify some constitutional basis for his current habeas corpus claims, such constitutional claims could not be entertained here, unless they were first fairly presented to, and decided on the merits by, the highest possible state court. It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for his federal constitutional claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Here, there is nothing to suggest that Petitioner raised any federal constitutional claim in any of his prior state court proceedings. Indeed, if Petitioner presented his claims to the state courts the same way he has presented them here, he obviously did not "fairly present" any constitutional claim to the state courts. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam) ("[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). Therefore, any constitutional claim that Petitioner might be trying to raise in his current habeas corpus petition would have to be treated as an "unexhausted" claim, which could not properly be entertained in this action.

3

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner has not identified any federal constitutional basis for his current claims for relief, and thus he has not pleaded any claim that can be entertained in a federal habeas corpus action. It is therefore recommended that the instant petition be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be **SUMMARILY DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: February 9, 2006

                                            s/ *Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 1, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.